IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phillip Douglas Jacobs,                      Case No. 4:23 CV 1050

      Petitioner,

v.                                                    ORDER

Warden Harold May,

      Respondent.

      Petitioner, Phillip Douglas Jacobs, an Ohio prisoner, filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Jacobs is currently serving a life sentence for a 1972 murder conviction in the Preble County Common Pleas Court. He is also serving a thirty-five-to-fifty-five-year sentence, which the Mahoning County Common Pleas Court imposed consecutively in 1985 for felonious assault and aggravated robbery. Jacobs committed the non-murder offenses while on parole for the 1972 conviction. *See Jacobs v. Bunting*, No. 3:15-CV-1126, 2015 WL 7251675, at *1 (N.D. Ohio Oct. 27, 2015). This is the seventeenth habeas petition Jacobs has filed under 28 U.S.C. § 2254 to challenge his 1972 conviction, his 1985 conviction, or both convictions.[1]

---

1 *Jacobs v. Dallman*, 4:92-cv-01104-GWW (N.D. Ohio July 14, 1992) (Mahoning); *Jacobs v. Russell*, 4:94-cv-01910-LW (N.D. Ohio May 20, 1997) (Mahoning); *Jacobs v. Morgan*, 1:01-cv-02224-PAG (N.D. Ohio Aug. 8, 2003) (Mahoning); *Jacobs v. Morgan*, 1:04-cv-02488-KMO (N.D. Ohio Jan. 31, 2005) (Mahoning); *Jacobs v. Hudson*, 4:06-cv-02852-KMO (N.D. Ohio Jan. 25, 2007) (Both); *Jacobs v. Hudson* 1:06-cv-00595-KMO (N.D. Ohio May 3, 2006 (Mahoning); *Jacobs v. Warden, Marion Correctional Institution*, 3:11-cv-00029-TMR-SLO (S.D. Ohio Mar. 7, 2011) (Both); *Jacobs v. Warden of Marion Correctional Institution*, 4:13-cv-01306-SO (N.D. Ohio Dec. 26, 2013) (Both); *Jacobs v. Bunting* 4:15-cv-01126-JGC (N.D. Ohio Oct. 27, 2015) (Mahoning);

Jacobs challenges both of his convictions in this Petition. He asserts one ground for relief, although it is difficult to determine exactly what he is asserting. His argument rambles on for eight and a half pages. He states that, although his convictions were in 1972 and 1985, he has been unable to exhaust his claims to contest them due to "repeated instances of fraud, misleading and unsettled law." (Doc. 1, pgID 3). He challenges his consecutive sentences and claims the Ohio statutes which authorized the imposition of consecutive sentences are unconstitutional.

He further refers to decisions of the Ohio Adult Parole Authority denying his release on parole in 2014 and 2019 as fraudulent re-sentencings. He claims a Reentry Accountability Plan, which the Ohio Adult Parole Authority created to aid in the determination Jacob's suitability for release on parole, contained a typographical error in the form of a non-existent offense. He appears to refer to the designation of his sentence as Life plus 9 years for the firearm specifications. He asserts that this alleged error resulted in a sentence in excess of that permitted under Ohio law. The Ohio Adult Parole Authority no longer uses that form to aid in decision to grant or deny parole. Jacobs concludes it proves his complete record has been expunged. (*Id.*, pgID 8). He contends the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority have no authority to enforce any of his sentences.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat.

---

*Jacobs v. Bunting*, 4:16-cv-02223-JGC (N.D. Ohio Oct. 6, 2016) (Both); *Jacobs v. Warden Marion Correctional Institution*, 3:16-cv-00357-WHR-MRM (S.D. Ohio Nov. 22, 2016) (Both); *Jacobs v. Wainwright*, 4:18-cv-00280-SO(N.D. Ohio Feb 26, 2018)(Both); *Jacobs v. State Of Ohio*, 4:19-cv-00557-BYP (N.D. Ohio July 31, 2019) (Mahoning); *Jacobs v. Warden Marion Correctional Institution*, 4:20-cv-01112-JGC (N.D. Ohio Aug. 26, 2020) (Mahoning); *Jacobs v. Warden Marion Correctional Institution*, 4:21-cv-01659-JGC (N.D. Ohio Sep. 15, 2021) (Mahoning); *Jacobs v. Hill*, 3:22-cv-00434-JGC (N.D. Ohio Jan. 18, 2023) (Both).

1214 ("AEDPA"), requires state petitioners to obtain authorization from the appropriate federal court of appeals before filing a "second or successive" habeas petition in federal district court. 28 U.S.C. § 2244(b)(3). Without such authorization, the district court lacks jurisdiction to review the petition. 28 U.S.C. § 2244(b)(3)(A). Instead, the district court's authority is limited to transferring successive petitions to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (instructing district courts to transfer "successive" petitions to the circuit court for want of jurisdiction under 28 U.S.C. § 1631 rather than dismissing them outright).

To be "successive" within the meaning of the statute, the subsequent petition must relate to the same conviction or sentence under attack in the prior petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (citing cases). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998). A later petition is not successive when the first petition was not decided on the merits because it was dismissed without prejudice for failure to exhaust state court remedies or was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Stewart*, 523 U.S. at 645. Conversely, when a prior petition is dismissed "on the merits," the prisoner must obtain authorization from the Court of Appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). These include second petitions filed after a petitioner's first petition was dismissed on grounds of procedural default, or on the grounds that it was barred by the statute of limitations. *See id., Staffney v. Booker*, No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009).

This Petition is successive. Jacobs has already filed numerous habeas petitions challenging his 1972 and 1985 convictions and sentences and received decisions on the merits of his petitions. His attempt to characterize the Ohio Parole Board's decisions as "resentencings" will not relieve him of the bar against filing second or successive petitions. This Court is without jurisdiction to entertain this Petition absent authorization from the Sixth Circuit to proceed. 28 U.S.C. § 2244(b)(3). Because Jacobs did not obtain authorization from the Sixth Circuit, I must transfer this petition to the Sixth Circuit to obtain authorization.

Accordingly, this case is transferred to the United States Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

IT IS SO ORDERED.

/s/ James G. Carr
JAMES G. CARR
SENIOR UNITED STATES DISTRICT JUDGE